UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-HC-2251-D

| | | |
|---|---|---|
| JEROME VAN BUREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | DECLARATION OF TERESA REYES |
| | ) | |
| KENNY ATKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

I, TERESA REYES, do hereby declare as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as a Case Manager at the Federal Medical Center in Butner, North Carolina ("FMC Butner").

2. Pursuant to my official duties, I have access to official Bureau of Prisons records pertaining to individuals presently or previously confined at Bureau of Prisons institutions. The above records, which are used in the ordinary course of the Bureau of Prisons operations, include the Bureau of Prisons' SENTRY computer database, which tracks the status and activities of Bureau of Prisons inmates while in federal custody, and records contained in the official files of federal inmate Jerome Van Buren, Register Number 24245-056.

3. I certify that the attached records are business records of regularly conducted activity and that I am qualified to authenticate those records. I also certify that the records: (1)

1

were made at or near the time of the occurrence or the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) were kept in the course of regularly conducted activity; and (3) were made by the regularly conducted activity as a regular practice.

4. I make this declaration in support of the response to the above-referenced habeas petition. I understand that Mr. Van Buren is challenging his unit team's recommendation to allow him to serve the last six months of his sentence in a Residential Reentry Center ("RRC"), also known as a "halfway house."

5. By way of background, on June 7, 2005, Mr. Van Buren was sentenced by the United States District Court for the Eastern District of North Carolina to 156-months imprisonment following his guilty plea for possession with intent to distribute more than 5 grams of cocaine base (crack), possession of a firearm in furtherance of a drug trafficking crime, and fellow in possession of a firearm. See Exhibit 2, Judgment in a Criminal Case, United States v. Van Buren, 5:03-CR-253-H (June 7, 2005 E.D.N.C.).

6. Mr. Van Buren is currently serving his sentence at FMC Butner. His projected release date is March 2, 2016. See Bureau of Prisons Public Website, Inmates, Find an Inmate, http://www.bop.gov/inmateloc/.

7. In July 2014, Mr. Van Buren's unit team, including myself, reviewed his eligibility for placement in an RRC based on the factors set out in 18 U.S.C. § 3621(b). The unit team determined that

2

placement for six months was appropriate based on Mr. Van Buren's individual needs. Mr. Van Buren's supervision district will be the Eastern District of North Carolina and his release city will be Raleigh, North Carolina.

8. Mr. Van Buren's RRC placement referral was then forwarded to FMC Butner's Correctional Systems Officer. Part of the Correctional Systems Department's responsibility is to ensure that the inmate does not have any pending criminal charges or active detainers on file. Upon review, that office discovered that Van Buren had pending criminal charges and, therefore, the referral was rejected and returned to the unit team. See Exhibit 3, Memorandum dated March 24, 2015. FMC Butner then learned that Van Buren's criminal charges had been resolved. Consequently, the unit team decided to re-submit our recommendation of six months RRC placement for Van Buren back to the Correctional Systems Officer, the Warden, and the Community Corrections Office. See Exhibit 4, Institution Referral for RRC Placement.

9. On May 22, 2015, the referral was approved by the Warden and transmitted to the Community Corrections Office for final review and approval. Part of that office's responsibility is to make a final determination on the specific RRC an inmate will be housed and for what period. Once the Community Corrections Office approves FMC Butner's referral to have Mr. Van Buren serve the last six months of his sentence at an RRC in Raleigh, North Carolina, he will be released to the RRC on September 2, 2015.

10. In any event, neither a final determination on the amount of time Mr. Van Buren will be allowed RRC placement nor the location of the RRC has been made by the BOP because the Community Corrections Office – the last step in the process – has not yet approved the institution's referral.

**Administrative Remedies**

11. I have also reviewed Mr. Van Buren's administrative remedy records, which reveal that he has filed a total of eight requests for administrative remedy; however, none of those eight requests concern RRC placement. See Exhibit 5, SENTRY Database, Administrative Remedy Generalized Retrieval, Jerome Van Buren, Reg. No. 24245-056, as of 05-27-2015.

12. Although Mr. Van Buren did not submit any formal requests through the BOP's administrative remedy process, he submitted three informal Inmate Requests to Staff, referred to as a "BP-8" or "cop-out." The first was submitted to the Warden on September 10, 2014. The Warden responded and indicated that Van Buren did not submit any information to consider other than Van Buren's desire to have more than six months in an RRC. See Exhibit 6, Inmate Request to Staff, dated 09-10-2014.

13. On September 20, 2014, Mr. Van Buren submitted a second informal Inmate Request to Staff to the Warden requesting approval for a twelve-month RRC placement. See Exhibit 7, Inmate Request to Staff, dated 09-20-2014. On November 3, 2014, the Warden

4

responded and noted that Van Buren was considered for RRC placement using the Five Factor Review process of the Second Chance Act and he was recommended for 180 days of RRC placement. The Warden noted that there were no extenuating circumstances that warranted more than 180 days in an RRC, and that amount of time would allow for successful reintegration into the community. See Exhibit 8, Response to Inmate Request to Staff Member, dated 11-03-2014.

14. On November 11, 2014, Van Buren submitted a third similar informal Inmate Request to Staff to me requesting to know why he was not approved for the full twelve-month RRC placement. I responded to his request on November 14, 2015, informing him that he was considered under the Second Chance Act five factors. See Exhibit 9, Inmate Request to Staff, dated 11-14-2014.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 29th day of May 2015.

*Teresa Reyes*
Teresa Reyes, Case Manager
Federal Medical Center
Butner, North Carolina

CERTIFICATE OF SERVICE

    This is to certify that I have this 1st day of June, 2015, served a copy of the foregoing upon the Petitioner in this action, a non-CM/ECF participant, by placing a copy of the document in an envelope in the U.S. Mail, addressed as follows:

    Jerome Van Buren
    Reg. No. 24245-056
    Butner F.M.C.
    P.O. Box 1600
    Butner, NC 27509

    /s/ Robert J. Dodson
    ROBERT J. DODSON
    Special Assistant U.S. Attorney
    U.S. Attorney's Office
    Civil Division
    310 New Bern Avenue, Suite 800
    Raleigh, NC  27601-1461
    Telephone:  (919) 856-4530
            (919) 575-3900 x 6779
    Facsimile:  (919) 856-4821
    Email: robert.dodson2@usdoj.gov
    N.C. Bar # 41210
    Attorney for the Respondent