UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2251-D

**Jerome Van Buren**,

    Petitioner,

v.

**Kenny Atkinson**, Warden,

    Respondent.

**Memorandum & Recommendation**

   Petitioner Jerome Van Buren is currently serving a 156 month term of imprisonment the Federal Medical Center at Butner ("FMC Butner") after pleading guilty to three drug and firearm-related charges. *United States v. Van Buren*, No. 5:03-CR-253-H-1 (E.D.N.C. June 7, 2005). His projected date of release is March 2, 2016. *See* http://www.bop.gov/inmateloc/ (last visited August 6, 2015). Van Buren sought permission under the Second Chance Act, 42 U.S.C. § 17501, to spend the final 12 months of his sentence in a Residential Reentry Center ("RRC"), otherwise known as a halfway house. However, the staff at FMC Butner only authorized him to spend the six months prior to his release at an RRC.

   On December 17, 2014, Van Buren, proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 requesting that the Court order that he be allowed to spend a full year at an RRC. This argument is based upon Van Buren's contention that the staff of FMC Butner are misapplying the Second Chance Act. Mem. Supp. Pet. at 4–5, D.E. 1-1. On June 1, 2015, Respondent Kenny Atkinson, the Warden of FMC Butner, filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. D.E. 9. Atkinson argues that Van Buren's Petition is not properly before the court because his claim is not ripe and he has not exhausted his administrative remedies.

1

Mem. in Supp. at 5–9, D.E. 10. Atkinson also contends that Van Buren fails to state a claim under § 2241. *Id.* Van Buren filed a response in opposition to Atkinson's motion on June 11, 2015 that disputed Atkinson's arguments. D.E. 13.

After reviewing the pleadings, the court has determined that Van Buren failed to exhaust his administrative remedies because he did not comply with the requirements of the Bureau of Prisons' Administrative Remedy Program. Therefore, the undersigned recommends[1] that the district court grant Atkinson's Motion for Summary Judgment and dismiss Van Buren's Petition without prejudice.

**I. Standard of Review**

In considering Atkinson's Motion for Summary Judgment, the court views the evidence in the light most favorable to Van Buren and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56; *see also Scott v Harris,* 550 U.S. 372, 378 (2007); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325–26 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–55 (1986); *Matsushita Elec. Indus., Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson,* 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. *Celotex Corp.,* 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. *See Matsushita,* 475 U.S. at 587. "[T]here is no issue for trial unless there is

---

1 The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249.

Here, the key issue before the court is whether Van Buren exhausted his administrative remedies prior to filing his petition. Although the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), do not apply to a § 2241 petition, a prisoner challenging the execution of his sentence must nevertheless exhaust administrative remedies before seeking review in federal court. *See, e.g., Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004)*; Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001); *see also Asare v. U.S. Parole Comm'n,* 2 F.3d 540, 544 (4th Cir. 1993).[2] The exhaustion requirement provides an opportunity to resolve a dispute without the burdens of litigation. *See Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 761–62 (3d Cir. 1996). Failure to exhaust administrative remedies is an affirmative defense that the respondent must plead and prove. *See Anderson v. XYZ Corr. Health Servs., Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). A § 2241 petitioner's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over the inmate's claims. *See United States .v Wilson,* 503 U.S. 329 (1992); *Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *see also Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Johnson v. Jones,* 340 F.3d 624, 627–28 (8th Cir. 2003).

---

[2] The principle is so well established that the Fourth Circuit consistently summarily affirms dismissals of section 2241 petitions for failure to exhaust administrative remedies. *See, e.g. Wallace v. Federal Bureau of Prisons,* 604 F. App'x 329, 329 (4th Cir. 2015) (per curiam) (unpublished); *Hairston v. Wilson,* 532 F. App'x 359, 359 (4th Cir. 2013) (per curiam) (unpublished); *Arce v. Warden, FCI-Williamsburg*, 411 F. App'x 651, 651 (4th Cir. 2011) (per curiam) (unpublished)*; Ellis v. Berkebile,* 406 F. App'x 817, 817 (4th Cir. 2011) (per curiam) (unpublished); *White v. Stephens,* 396 F. App'x 911, 911–12 (4th Cir. 2010) (per curiam) (unpublished); *Short v. Hollinsworth,* 271 F. App'x 313, 314 (4th Cir. 1008 (per curiam) (unpublished); *Carter v. Stansberry,* 158 F. App'x 513, 514 (4th Cir. 2005) (per curiam) (unpublished).

The BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq*., sets out the procedure for formal review of complaints relating to any aspect of a federal inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with BOP staff. *See* 28 C.F.R. § 542.13. If the attempt at informal resolution does not resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. §§ 542.13-14. If the inmate is not satisfied with the Warden's response to his formal complaint, he may appeal the response to the Regional Director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he may file an appeal with General Counsel. *Id*. The General Counsel appeal is the final level of administrative review in the BOP's administrative remedy process. *Id.*

## II. Discussion

In July 2014, Van Buren's unit team, "reviewed [Van Buren's] eligibility for placement in an RRC based on the factors set out in 18 U.S.C. § 3621(b)." Reyes Dec. ¶ 7, D.E. 11. The team "determined that placement for six months was appropriate based on [Van Buren's] individual needs." *Id.* Van Buren's RRC placement referral was subsequently forwarded to FMC Butner's Correctional Systems Officer. *Id*. ¶ 8. The referral was rejected due to information indicating that Van Buren had pending criminal charges. *Id*. However, when FMC Butner subsequently learned that Van Buren's criminal charges had been resolved, the unit team re-submitted its recommendation of six months RRC placement to the Correctional Systems Officer, the Warden, and the Community Corrections Office. *Id*. The Warden approved the referral and transmitted it to the Community Corrections Office for final review and approval. *Id.* ¶ 9. Van Buren will be released to the RRC on September 2, 2015, if the Community Corrections Office approves the

referral. *Id.* However, as of the time of the submissions in this action, the Community Corrections Office had not yet approved the referral. *Id*. ¶ 10.

Beginning in September 2014, Van Buren "submitted three informal Inmate Requests to Staff," regarding the length of his placement in the RRC. *Id.* ¶¶ 12-14. Van Buren received a response to each informal request. *Id.* However, he never submitted any formal requests through the BOP's administrative remedy process. *Id.* Van Buren was aware of the need to file a formal administrative remedy request, because he did so on eight separate occasions. *Id.* ¶ 11. However, none of the eight formal requests dealt with his RRC placement. *Id.*

Van Buren maintains that he exhausted his administrative remedies by "appeal[ing] the matter" to the Warden who "responded" and denied his request. Mem. Supp. Pet. [D.E. 1-1] 4. In support of this assertion, Van Buren directs the court to various Inmate Request to Staff forms he submitted. Mem. Opp'n. Mot. Summ. J. Exs. 4, 5, 6, D.E. 13-1. However, as discussed above, even if his submission constituted a formal request, which it does not, the submission of a formal request is merely the beginning of the administrative remedy process, not the conclusion. Van Buren would still need to appeal the Warden's decision to the BOP's Regional Director and General Counsel. 28 C.F.R. § 542.15(a). Therefore, because Van Buren failed to file a formal request with the Warden or appeal to the Regional Director or BOP's General Counsel, he has failed to exhaust his administrative remedies and his Petition should be dismissed.

Given that the resolution of this matter is based upon Van Buren's failure to exhaust his administrative remedies, it is appropriate to dismiss the action without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see also Johnson v.Cannon*, C.A. No. 4:08–776–PMD, 2010 WL 936706, at *8 (D.S.C. Mar.15, 2010) (unpublished), *aff'd*, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished); *Stokes v. Moore*, No. 5:08–CT–3045–FL, slip op. at 4

5

(E.D.N.C. Jan. 26, 2010) (unpublished); *Shouse v. Madsen*, No. 7:09–cv–00461, 2010 WL 276543, at *1 (W.D.Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice will provide Van Buren with an opportunity to attempt to exhaust his administrative remedies and then file another action in federal court if he is dissatisfied with the outcome of the administrative remedy process. Therefore, the undersigned recommends that the district court dismiss Van Buren's Petition without prejudice.

### III.     Conclusion

Because Van Buren has failed to exhaust his administrative remedies, the undersigned recommends that the court grant Atkinson's Motion for Summary Judgment (D.E. 9) and dismiss Van Buren's petition without prejudice. In light of the ruling on the exhaustion issue, the court does not need not reach Atkinson's additional arguments.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Van Buren. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Van Buren does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation**

without such review.   In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: August 28, 2015

*Robert T. Numbers II*
R<small>OBERT</small> T. N<small>UMBERS</small>, II
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>