IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2251-D

| | |
|---|---|
| JEROME VAN BUREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNY ATKINSON, ) | |
| ) | |
| Respondent. ) | |

On August 31, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 14] recommending that the court grant the respondent's motion for summary judgment [D.E. 9] and dismiss Jerome Van Buren's ("Van Buren" or "petitioner") habeas petition under 28 U.S.C. § 2241 [D.E. 1] without prejudice for failure to exhaust administrative remedies. On September 14, 2015, Van Buren filed objections to the M&R [D.E. 15].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alterations, emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court has reviewed the M&R, the record, and Van Buren's objections. As for those portions of the M&R to which Van Buren made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed Van Buren's objection de novo. Van Buren contends that Judge Numbers erred in concluding that he failed to exhaust his remedies because he had "submit[ted] a formal request for administrative remedy, to no avail." [D.E. 15] 2.

A prisoner challenging the execution of his sentence must exhaust alternative remedies before seeking relief under 28 U.S.C. § 2241. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010) ("[I]n the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief. . . . [Habeas corpus] is the avenue of last resort." (quotations, citations, and alteration omitted)); cf. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (holding that a prisoner had sufficiently exhausted alternative remedies, thus his habeas petition was timely). Alternative remedies that must be exhausted as "a prerequisite for [section] 2241 habeas relief" include any available administrative remedies. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); see Dragenice v. Ridge, 389 F. 3d 92, 98 (4th Cir. 2004); Richmond v. Scibana, 387 F.3d 602, 603–604 (7th Cir. 2004). The administrative exhaustion requirement promotes "develop[ment of] a factual record," "conserves judicial resources," and allows agencies "the opportunity to correct their own errors." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761–62 (3d Cir. 1996). Failure to exhaust is an affirmative defense that a defendant must plead and prove. Cf. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005) (holding that, even for claims subject to the explicit exhaustion requirement of 42 U.S.C. §1997, a plaintiff need not plead exhaustion).

Respondent cites the declaration of Teresa Reyes in support of his argument that Van Buren has failed to exhaust administrative remedies. See [D.E. 11] ¶¶ 11–14; Reyes Exs. 5–9 [D.E. 11-5–9]. In response, Van Buren contends that exhaustion is futile because his unit team has decided

2

not to grant him Residential Reentry Center placement. See [D.E. 15] 2; [D.E. 13] 1–4. Even if Van Buren is correct that his unit team will not reconsider, he has further administrative options with the BOP's Regional Director and General Counsel. See 28 C.F.R. § 542.15(a). Moreover, no evidence suggests that prison officials have inappropriately prevented Van Buren from exhausting the available administrative procedures. Cf. Hill v. Haynes, 380 F. App'x 268, 270–73 (4th Cir. 2010) (per curiam) (unpublished).

When a prisoner files a section 2241 petition without first exhausting administrative remedies, dismissal without prejudice is appropriate. See, e.g., Timms, 627 F.3d at 530; Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (discussing dismissal for failure to exhaust pursuant to section 1997e(a)). Doing so allows the prisoner to exhaust administrative remedies and then file suit if unhappy with the administrative outcome. Accordingly, the court adopts the conclusion in the M&R and overrules Van Buren's objection.

In sum, petitioner's objection to the M&R [D.E. 15] is OVERRULED, respondent's motion to dismiss [D.E. 9] is GRANTED, and this action is DISMISSED without prejudice for failure to exhaust administrative remedies. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 17 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

3